UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

Eastern District of Kentucky
**FILED**
APR 14 2004
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CARLSON SOFTWARE, INC. and
KENNETH TRENT,

PLAINTIFFS

v.

CIVIL ACTION NO. 04-CV-73

EAGLE POINT SOFTWARE
CORPORATION,

DEFENDANT.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Carlson Software, Inc. ("Carlson") and Kenneth Trent ("Trent") for their Complaint, state:

### GENERAL ALLEGATIONS

1. Plaintiff, Carlson, is a corporation organized under the laws of the Commonwealth of Kentucky, with its principal office at 102 West Second Street, Suite 200, Maysville, Kentucky 41056.

2. Plaintiff, Trent, is an individual citizen of the State of Utah whose address is 1806 North Serenity Drive, St. George, Utah 84770.

3. Defendant, Eagle Point Software Corporation ("Eagle Point"), is a corporation organized under the laws of the State of Iowa with its principal office at 4131 West Mark Drive, Dubuque, Iowa 52002. Eagle Point is subject to personal jurisdiction in this court because it conducts business in the Commonwealth of Kentucky. Pursuant to KRS 454.210, Eagle Point's agent for service of process is the Kentucky Secretary of State.

4. Venue is appropriate in this Court because Carlson's principal office is located in Mason County, Kentucky where key events that are pertinent this action occurred.

5. Subject matter jurisdiction in this Court is appropriate pursuant to 28 U.S.C. § 1332 since the amount in controversy exceeds $75,000 exclusive of interest and there is diversity of citizenship between the parties.

## FACTUAL BACKGROUND

6. All of the above allegations are reiterated and incorporated herein by reference.

7. On December 1, 1999, Trent entered into an employment agreement (the "Agreement"), a copy of which is attached hereto and is incorporated herein as Exhibit A.

8. While employed by Eagle Point, Trent worked as a software designer for survey data collection software.

9. In late January 2004, Trent initiated contact with Carlson at its Mason County, Kentucky office, for the purpose of seeking employment. Carlson interviewed Trent at Carlson's Mason County, Kentucky office on or about February 19, 2004, and offered a position to Trent.

10. Prior to accepting a position with Carlson, Trent disclosed to Eagle Point that Carlson had offered to employ him and discussed with Eagle Point the possibility continuing his employment with that company. However, Trent made the decision to voluntarily resigned from his employment with Eagle Point on March 2, 2004, because he was offended by the manner in which Eagle Point handled this situation.

11. Carlson employed Trent, beginning March 8, 2004, in a position that is non-competitive with Eagle Point. In addition, Trent has not disclosed to Carlson or used any confidential information in violation of the Agreement, nor has Carlson sought disclosure or use of any such information.

12. Despite the facts described above, Eagle Point has accused Carlson of soliciting Trent and of intentionally interfering with the non-competition provisions Agreement and impliedly of intentionally interfering with the confidentiality provisions of the Agreement. Eagle Point has also accused Carlson of soliciting other former employees of Eagle Point.

## COUNT I

13. All the above allegations are reiterated and incorporated herein by reference.

14. The Agreement purports to restrict Trent from working in competition with Eagle Point or for any of its competitors anywhere in North America, which is too broad to be enforceable and constitutes an unreasonable restraint of trade.

15. There is an actual controversy as to the validity or enforceability of the restrictive covenant language in the Agreement, which is causing uncertainty among the parties.

16. Plaintiffs are entitled to a declaration of their rights pursuant to 28 U.S.C. § 2201.

## COUNT II

17. Plaintiffs reiterate and incorporate herein all the allegations set forth above.

18. Even if the restrictive covenant provisions in the Agreement are determined to be valid and enforceable, which Plaintiffs dispute, Carlson did not solicit Trent to resign from his employment by Eagle Point, Carlson has not employed Trent in competition with Eagle Point and Carlson has not intentionally interfered in any manner with contractual relations between Trent and Eagle Point.

19. There is an actual controversy as to Eagle Point's accusations that Carlson intentionally interfered with the Agreement, which is causing uncertainty among the parties.

20. The Plaintiffs are entitled to a declaration of rights pursuant to 28 U.S.C. § 2201 in order to resolve the legal issues raised by Eagle Point's accusations against Carlson and Trent.

## COUNT III

21. Plaintiffs reiterate and incorporate herein all the allegations set forth above.

22. The Agreement contains a provision that purports to prohibit Trent from using or disclosing trade secret, confidential or other secret information of Eagle Point or its affiliates.

23. Trent has complied with the confidentiality provision of the Agreement and Carlson has not attempted to intentionally interfere with Trent's compliance with that provision of the Agreement.

24. There is an actual controversy as to Eagle Point's implied accusations that Carlson interfered with or that Trent breached the confidentiality provisions in the Agreement.

25. The Plaintiffs are entitled to a declaration of rights pursuant to 28 U.S.C. § 2201 in order to resolve the legal issues raised by Eagle Point's accusations against Carlson and Trent.

WHEREFORE, the Plaintiffs request the following relief:

1. A declaration of rights as to the issues described in Counts I and II above;

2. Recovery of Plaintiffs' court costs and attorney's fees incurred herein;

3. A final judgment in Plaintiffs' favor incorporating such declaration of rights; and

-5-

4. All other relief to which Plaintiffs may be entitled.

Respectfully submitted,

Gregory P. Parsons
Mauritia G. Kamer
STITES & HARBISON PLLC
250 West Main Street, Suite 2300
Lexington, KY 40507-1758
Telephone: (859) 226-2300
COUNSEL FOR PLAINTIFFS,
CARLSON SOFTWARE, INC.
AND KENNETH TRENT